**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

DENISE B. D'APRILE,

                              Plaintiff,

-vs-                                                        Case No.  2:09-cv-270-FtM-36SPC

UNUM LIFE INSURANCE COMPANY OF
AMERICA,

                              Defendant.
_____

**ORDER**

       This matter comes before the Court on Defendant's Motion for Physician Examination of

Plaintiff Pursuant to Federal Rule of Civil Procedure 35 (Doc. #58) filed on July 1, 2010.  Plaintiff

filed her Response on July 15, 2010.  The Motion is now ripe for review.

       This is a breach of contract action brought by Denise B. D'April, an attorney practicing in

Port Charlotte, Florida.  On February 26, 1992, Defendant Unum Life Insurance Company of

America issued to Plaintiff a disability income insurance policy ("the Policy") through her former

employer, Olmsted, Schwarz & Kahle, P.A.  After becoming pregnant during the early part of 2003,

Plaintiff reportedly experienced a disability due to her pregnancy which restricted her ability to work.

Specifically, Plaintiff claimed that she was placed on bed rest as of February 29, 2003, and that she

then developed a varicosity that prevented her from sitting for any length of time.  Plaintiff asserts

that she was unable to practice her occupation beginning in March 2003.  She claims to have

continued to experience left leg pain, and that this continued leg pain restricted her ability to perform

the material and substantial duties of her regular occupation.  Based on this disability, Plaintiff made

a claim for long-term disability benefits under the Policy.  After Defendant found that Plaintiff had satisfied her Policy's 90-day Elimination Period, she was paid benefits pursuant to the Policy from June 16, 2003 to December 4, 2003.  The Policy provides a disability benefit for each month the insured continues to be "disabled" as defined in the Policy.  Monthly disability benefits are conditioned upon continuing periodic proof of loss. Defendant denied Plaintiff's request for benefits on May 3, 2004 on the ground that it did not find restrictions and limitations that would restrict Plaintiff's ability to perform the material and substantial duties of her regular occupation.  Plaintiff asserts that as a result of conditions arising from her pregnancy and subsequent co-morbid conditions, D'April at all times from March 16, 2003 through the present has been unable to perform the personal services of her regular occupation and as a result she has experienced at least a 20% loss of net income in her regular occupation.

Defendant now moves pursuant to Federal Rule 35 for an Order directing Plaintiff to submit to a medical examination and non-invasive testing by Defendant's retained expert William M. Blackshear, M.D., a vascular surgeon.  Defendant asserts that the medical records obtained during the course of discovery to date may not support a disability finding in the Plaintiff's Policy.  Plaintiff has been treated and examined by vascular surgeon, Douglas Dorsey, M.D., who has been listed as a witness who may testify at trial.  Defendant has retained Dr. Blackshear to review the medical records of Plaintiff, conduct a physician examination, and offer testimony at trial concerning the Plaintiff's medical condition.  Defendant moves for the examination to take place in St. Petersburg, Florida and is willing to provide whatever accommodations are necessary for Plaintiff's leg discomfort if she travels from Port Charlotte to St. Petersburg.

Rule 35 of the Federal Rules of Civil Procedure states in pertinent part: "[w]hen the mental or physical condition (including the blood group) of a party or of a person . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control." "The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." Fed. R. Civ. P. 35(a).

The Court finds good cause to grant Defendant's Motion as Plaintiff's physical condition is at issue and the examination is necessary to its defense of this case. Further, the Court believes that travel from Port Charlotte to St. Petersburg for the examination will not be too much of an undue burden on Plaintiff given Defendant's willingness to provide whatever reasonable accommodations necessary. Dr. Blackshear was previously available to conduct the examination on July 20, 2010, at 7292 4th Street, Suite B, St. Petersburg, FL 33702. The examination will still take place at this location. Given that this date has passed, the Parties should work together to find a mutually agreeable date and time for the exam to take place at this location in the near future.

Because the Court is granting leave for the physical examination to take place, Defendant is granted an extension of time until August 30, 2010 to file Dr. Blackshear's expert report. The discovery and dispositive motion deadlines will be extended as well.

Accordingly, it is now

**ORDERED:**

(1)     Defendant's Motion for Physician Examination of Plaintiff Pursuant to Federal Rule of Civil Procedure 35 (Doc. #58) is **GRANTED**.

(2)     The physical examination of Plaintiff shall take place at 7292 4th Street, Suite B, St. Petersburg, FL 33702, at a date and time mutually agreeable to the parties in the near future.

(3)     Defendant disclosure of its expert report is due by **August 30, 2010.** Discovery deadline is extended to **August 30, 2010.** Dispositive motions are due **September 30, 2010.** All other deadlines remain unchanged.

**DONE AND ORDERED** at Fort Myers, Florida, this ___29th___ day of July, 2010.

*Sheri Polster Chappell*

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

-4-