## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

DENISE B. D'APRILE,

              Plaintiff,

-vs-                                    Case No.  2:09-cv-270-FtM-36SPC

UNUM LIFE INSURANCE COMPANY OF
AMERICA,

              Defendant.

_____

### <u>ORDER</u>

This matter comes before the Court on Defendant's Motion to Compel Nonparty Production (Doc. #55) filed on June 28, 2010.  Nonparty Everest Insurance Solutions, Inc. filed its Response on July 12, 2010.  The matter is now ripe for review.

In this case, Plaintiff Denise D'Aprile claims that Defendant has breached the terms of a disability income insurance policy and wrongfully refused to provide her benefits.  While employed by the law firm of Olmsted, Schwarz & Kahle, P.A., Plaintiff applied for and obtained the disability policy from the Defendant.  Plaintiff left Olmsted, Schwarz & Kahle, P.A. in the latter part of 1993 and opened her own solo practice, the Law Office of Denise B. D'Aprile, P.A., in Port Charlotte, Florida.  It is undisputed that the insurance agent who assisted Plaintiff in obtaining the Policy was Brian Abeles of Select Insurance Consultants & Administrators, Inc. (SICA), which is now known as Everest Insurance Solutions, Inc.  Defendant asserts that Everest's business is providing disability insurance-related services to clients, which principally include claims consulting and disability plan design and implementation.

On February 8, 2010, Defendant Unum served Non-Party Everest with a subpoena *duces tecum* without deposition requesting the production of documents the Defendant believes are relevant to the instant action for the purposes.  Specifically, the Subpoena directs Everest to produce to Defense Counsel the following:

1.  Any and all applications for disability insurance in your possession, custody, and control pertaining to any employee of Olmsted, Schwarz & Kahle, P.A. (Later known as "Misted, Schwarz & Kahle, P.A."), including but not limited to, Denise B. D'Aprile, which were completed from June 14, 1991, through December 31, 1993. (Personal information of applicants can be redacted to protect their identity)

2.  Any and all applications for disability insurance in your possession, custody, and control pertaining to any employees of the Law Office of Denise B. D'Aprile, P.A., which was completed from September 1, 1993 to the present. (Personal information of applicants can be redacted to protect their identity)

Thus, Unum is seeking disability applications generated by Everest for employees of two of its clients for a period of 19 years.  On March 15, 2010, Everest served timely objections to the Subpoena. After conferring with the Non-Parties' Counsel on several occasions, the Non-Party has still failed to respond to the subpoenas or to produce the requested production.

Rule 45, Fed.R.Civ.P., governs discovery of non-parties by subpoena. erinMedia, LLC v. Nielsen Media Research, Inc., WL 1970860 *1 -2 (M.D. Fla. July 3, 2007). If an objection is made, the party serving the subpoena is not entitled to the documents at issue but may, upon notice to the person commanded to produce, seek an order to compel the production. Id. (citing Fed.R.Civ.P. 45(c)(2)(B)). The scope of permissible discovery under Rule 45 is that set forth in Fed.R.Civ.P. 26(b)(1), which was amended in 2000 to provide that "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...." erinMedia, LLC., WL

1970860 at *1 -2.  Further, "for good cause shown, the court may order discovery of any matter relevant to the *subject matter* involved in the action." Fed.R.Civ.P. 26(b)(1), (emphasis supplied); *see also* Fed.R.Civ.P. 45 Advisory Committee Note ("[t]he changes make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."). The rule change was to involve the court more actively in regulating the breadth of sweeping or contentious discovery. erinMedia, LLC., WL 1970860 at *1 -2 (citing Fed.R.Civ.P. 26, Advisory Committee Note). The Advisory Committee intended by the rule change for the parties and the court to focus "on the actual claims and defenses involved in the action." erinMedia, LLC., WL 1970860 at *1 -2. The rule change signals to the court that "it has the authority to confine discovery to the claims and defenses asserted in the pleadings ..." Id. (citing Rule 26, Fed.R.Civ.P., Advisory Committee Note).

With regard to the burden imposed on non-parties in responding to discovery requests, courts consider the following factors: relevance, the requesting party's need for the documents, the breadth of the document request, and the time period covered by the request. erinMedia, LLC., WL 1970860 at *1 -2. (citing Cytodyne Tech., Inc. v. Biogenic Tech., Inc., 216 F.R.D. 533, 535 (M.D. Fla. 2003); Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545 (11th Cir.1985)).  In ruling on a motion to compel, the court must protect nonparties from "significant" expense. *See* Klay v. All Defendants, 425 F.3d 977, 984 (11th Cir. 2005).

The Court finds that Unum has failed to demonstrate to the Court that the discovery requested from Non-Party Unum, namely the applications of other employees who applied for

disability insurance, is relevant or will lead to the discovery of relevant information regarding the

contract at issue in this case. Thus, the Motion is due to be denied.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Compel Nonparty Production (Doc. #55) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___29th___ day of July, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record