UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENISE B. D'APRILE,

            Plaintiff,

-vs-                                      Case No.  2:09-cv-270-FtM-36SPC

UNUM LIFE INSURANCE COMPANY OF
AMERICA,

            Defendant.
_____

## ORDER

This matter comes before the Court on Plaintiff's Amended Motion to Compel Discovery (Doc. #77) filed on July 23, 2010.  Defendant filed its Response to Plaintiff's Motion to Compel Discovery (Doc. #90) on August 13, 2010.  Also before the Court is Plaintiff's Motion to Compel Deposition Testimony (Doc. #76) filed on July 23, 2010.  Defendant filed its Response on August 13, 2010 (Doc. #91).  The Motions are now ripe for review.[1]

## BACKGROUND

This is a breach of contract action brought by Denise B. D'Aprile, an attorney practicing in Port Charlotte, Florida.  On February 26, 1992, Defendant Unum Life Insurance Company of America issued to Plaintiff a disability income insurance policy ("the Policy") through her former employer, Olmsted, Schwarz & Kahle, P.A.  After becoming pregnant during the early part of 2003,

---

[1] On July 13, 2010, this Court denied Plaintiff's first Motion to Compel Discovery without prejudice because Plaintiff's Motion failed to comply with Local Rule 3.04(a). (Doc. #66). The Court notes that the instant Motion to Compel Discovery still does not comply with this Local Rule. Nevertheless, the Court will accept Plaintiff's Motion, but warn Plaintiff's counsel that if he fails to comply with Local Rule 3.04(a) again his Motions will be denied.

Plaintiff reportedly experienced a disability due to her pregnancy which restricted her ability to work. Specifically, Plaintiff claimed that she was placed on bed rest as of February 29, 2003, and that she then developed a varicosity that prevented her from sitting for any length of time. Plaintiff asserts that she was unable to practice her occupation beginning in March 2003. Based on this disability, Plaintiff made a claim for long-term disability benefits under the Policy and after Defendant found that Plaintiff had satisfied her Policy's 90-day Elimination Period, she was paid benefits pursuant to the Policy from June 16, 2003 to December 4, 2003. The Policy provides a disability benefit for each month the insured continues to be "disabled" as defined in the Policy. Monthly disability benefits are conditioned upon continuing periodic proof of loss. Defendant denied Plaintiff's request for benefits on May 3, 2004 on the ground that it did not find restrictions and limitations that would restrict Plaintiff's ability to perform the material and substantial duties of her regular occupation. Plaintiff asserts that as a result of conditions arising from her pregnancy and subsequent co-morbid conditions, D'Aprile at all times from March 16, 2003 through the present has been unable to perform the personal services of her regular occupation and as a result she has experienced at least a 20% loss of net income in her regular occupation.

In this action, Plaintiff claims that Defendant has breached the terms of the Policy by denying her further benefit entitlements under the Residual Disability Benefit, Waiver of Premium Benefits, and Recovery Benefit provisions of the Policy. *See* Pl. Am. Complaint at ¶ 44-58. Defendant has asserted, among other defenses, that to the extent the Policy was established originally as part of an employee benefit plan, the Policy remains governed by ERISA and thus Plaintiff's claim is preempted.

**MOTION TO COMPEL DISCOVERY**

The Plaintiff moves the Court to Compel more complete responses to Interrogatories number 4, 5, 7, 8, 9, 10, and 16; and Request for Production of Documents number 4 and 20. It is not disputed that Defendants' objections were timely made. The Court notes at the outset that Defendant has made a threshold relevance objection to all of the requests at issue in this Motion because each pertain to Defendant's internal practices, policies, and protocols for handling claims. Defendant argues that such discovery is irrelevant to Plaintiff's first-party breach of contract action. Plaintiff responds that the requested discovery is permissible because it is relevant to both interpreting ambiguities in the Policy and to Defendant's ERISA defense.

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise a party upon whom interrogatories have been served has thirty days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). If the serving party does not receive a response to their interrogatories and request for production the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the order to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

The Defendant's general objection to the discovery at issue in this Motion is that the requested information is not relevant because this is only a breach of contract case at this point, not a bad faith handling case, and that the breach of contract claim must be adjudicated first. In other words, the issue in this case is whether Plaintiff's condition was such that she should have continued to obtain disability benefits beyond December 2003. Thus, the Defendant argues that the handling

practices, policies, and protocols as to how Defendant processes disability claims is not relevant at this point in the proceedings. The Defendant argues that the policies and practices pertain to a bad faith claim and are not relevant as long as the breach of contract and coverage claims remain at issue.

Federal Courts in Florida have held that the claims files are not discoverable when a breach of contract claim is at issue and before the Plaintiff either brings a bad faith claim or prior to the bad faith claim being ripe. "[I]t is well established, under Florida statutory law, that a party may not assert a first-party claim for bad faith against an insurer until the insured has proven liability in her underlying contractual claim." Dennis v. Northwestern Mut. Life. Ins. Co., 2006 WL 1000308, *2 (M.D. Fla. Apr. 14, 2006) (noting that under Florida Statute § 624.155(1)(b), a claim for bad faith does not accrue until after an insured as proven liability in her underlying contractual claim).[2]

While Plaintiff does not assert a separate cause of action for bad faith, she does allege in her Amended Complaint that "Unum's actions were and are intentional, willful and implemented with reckless disregard for D'Aprile's rights as a policyholder." (Pl. Am. Compl. at ¶55). Regardless of whether this allegation amounts to an allegation of bad faith for improper claims handling, Plaintiff is attempting to obtain discovery from Defendant with regard to its claims manuals, guidelines, and practices.

Both Florida state and federal courts have held that under Florida law, discovery into an insurer's claims handling practices, policies, and protocols is impermissible in a breach of contract claim. "Florida courts have held that allowing references to an insurer's alleged bad faith actions

---

[2] Contrary to Plaintiff's assertions, Florida substantive law applies to this matter along with Federal procedural rules as this Court's jurisdiction is based on diversity of citizenship. *See* Pastor v. Union Central Life Ins. Co., 184 F. Supp. 2d 1301, 1305 (S.D. Fla. 2002) (noting that "a contract is governed by the law of the state in which the contract is made"). In this case, Plaintiff resided in Florida when Defendant issued the disability policy to her and at all times thereafter.

into evidence during litigation involving a coverage dispute will prejudice the insurer and could distort the jury's view of the coverage issue." Dennis, at *3. *See also* Hartford Ins. Co. v. Mainstream Const. Group, Inc., 864 So.2d 1270, 1272 (Fla. 5th DCA 2004) (finding that "an insured is not entitled to discovery of an insurer's claim file or documents relating to the insurer's business policies or claims practices until coverage has been determined"). The Dennis court concluded that if Plaintiff is not authorized to assert a bad faith claim until liability has been proven, then evidence related to Defendant's alleged bad faith is not relevant or admissible in the breach of contract action. Id.

Thus, the Court finds that broad discovery in this case may not be conducted on the issue of improper claims handling at this point. Discovery may be taken though on claims handling materials as they relate to *Plaintiff's claim*. In other words, any rules, guidelines, protocols, standards, and criteria that were utilized by Defendant when processing *Plaintiff's* claim are discoverable. After review of the document requests and interrogatories at issue in this Motion, the Court finds that Plaintiff is only entitled to the discovery requested in Document Request Number $20^3$ and Interrogatory $16^4$ because each of these requests relate to Plaintiff's claim that is the subject of this lawsuit. The Court believes that the discovery sought in these requests may be used by Plaintiff to show that the contract at issue was breached by Defendant.

**MOTION TO COMPEL DEPOSITION TESTIMONY**

---

[3] Document Request Number 20 requests all Unum rules, guidelines, protocols, standards, and criteria, published or internal, which were utilized in whole or in part, or which relate to Plaintiff's claim that is the subject of this lawsuit.

[4] Interrogatory Number 16 asked Defendant to identify all Unum rules, guidelines, protocols, standards, and criteria, published or internal, which were utilized in whole or in part, or which relate to Plaintiff's claim that is the subject of this lawsuit.

On July 2, 2010, Plaintiff served Defendant a Notice of Rule 30(b)(6) Deposition and Subpoena Duces Tecum for the deposition of Defendant's designated corporate representative or representatives. The Notice indicates that the deposition is to cover, among other things:

> Defendant's policy and practice between January 1, 2003 and the present for determining, for purposes of a claim for individual disability income residual disability benefits after the Elimination Period has been satisfied, whether a claimant has experienced at least a 20% loss of net income in the claimant's regular occupation. Pl. Exh. 1 at ¶5.

> Defendant's policy and practice between January 1, 2003 and the present for determining, for the purposes of a claim for individual disability income residual disability benefits after the Elimination Period has been satisfied, whether a claimant is receiving medical care from someone other than him/herself which is appropriate for the injury or sickness. Pl. Exh. 1 at ¶6.

Defendant has declined to designate a corporate representative to testify regarding its claims handling policies and practices. Plaintiff has filed the instant Motion to Compel Defendant to do so.

As discussed above, Plaintiff's attempt to obtain discovery regarding Defendant's broad claims practices and policies as they relate to claimants other than Plaintiff is not relevant or proper at this point in the litigation before a determination on Plaintiff's breach of contract claim has been made in her favor. Thus, Defendant does not carry the burden at this point to prepare and produce a Rule 30(b)(6) witness to testify as to the subjects listed in Paragraphs 5 and 6 of the Deposition Notice, which involve claims handling. Defendant does carry the burden though to produce a 30(b)(6) witness to testify as to the internal policies and procedures as they relate to *Plaintiff's claim*. Thus, Paragraphs 5 and 6 of the subjects contained in the Notice should be edited to read as follows:

> Defendant's policy and practice for determining, for purposes of a claim for individual disability income residual disability benefits after the Elimination Period has been satisfied, whether Plaintiff has experienced at least a 20% loss of net income in her regular occupation.

Defendant's policy and practice for determining, for the purposes of a claim for individual disability income residual disability benefits after the Elimination Period has been satisfied, whether Plaintiff is receiving medical care from someone other than herself which is appropriate for the injury or sickness.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion to Compel Discovery (Doc. #77) is **GRANTED IN PART and DENIED IN PART**.

    (a) The Plaintiff's Motion to Compel Responses to Interrogatories number 4, 5, 7, 8, 9, and 10 and Document Request number 4 is **DENIED**.

    (b) The Plaintiff's Motion to Compel Responses to Interrogatory number 16 and Document Request number 20 is **GRANTED**.

(2) Plaintiff's Motion to Compel Deposition Testimony (Doc. #76) is **GRANTED IN PART**. Defendant shall produce a 30(b)(6) witness to testify as outlined above.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>25th</u> day of August, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record