**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

DENISE B. D'APRILE,

Plaintiff,

-vs- Case No. 2:09-cv-270-FtM-36SPC

UNUM LIFE INSURANCE COMPANY OF AMERICA,

Defendant.

______________________________________

**ORDER**

This matter comes before the Court on Plaintiff's Motion to Strike Paragraphs 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 of Mary Ricker's Affidavit (Doc. #95) filed on August 18, 2010. Defendant Unum Life filed its Response (Doc. #116) on September 7, 2010. The motion is now ripe for review.

On July 9, 2010, Plaintiff filed a Motion for Partial Summary Judgment on Defendant's First Defense (Doc. #60). Defendant filed its response in opposition to this Motion on August 4, 2010 (Doc. #83). In support of its opposition to the partial summary judgment motion, Defendant attached an affidavit from Mary Ricker (Doc. #83-1), a Manager employed by Unum Group who, in her capacity as Manager, is familiar with Defendant's policies and procedures for "multi-life" groups or cases, which is the type of case at issue in this matter. Plaintiff filed the instant Motion to Strike the affidavit on the grounds that it failed to comply with Federal Rule 56(e)(1). Specifically, Plaintiff asserts that portions of Ricker's affidavit should be striken because all documents referenced in the affidavit were not attached to or served with the affidavit, the affidavit testimony

includes inadmissible hearsay, and the affidavit testimony includes unsupported conclusory allegations.

The Court notes at the outset that Defendant filed as an attachment to his response to the instant Motion an amended affidavit from Ricker in an effort to address Plaintiff's concerns regarding the sufficiency of her first affidavit. (Doc. #116-1). Plaintiff has filed no Reply brief that challenges the sufficiency of Ricker's Amended Affidavit. Therefore, the Court will accept Ricker's Amended Affidavit and will discuss the grounds upon which Plaintiff believes each paragraph of the affidavit should be striken below, taking into consideration the changes Defendant made to the Ricker affidavit in its amended filing.

Federal Rule 56(e) provides that an affidavit "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit." With regard to affidavits from corporations, "either a corporate officer or a custodian of records is presumed to possess personal knowledge of a fact contained in the corporation's records." F.T.C. v. Home Assure, LLC, 2010 WL 1708777, *1 (M.D. Fla. Apr. 26, 2010).

**Paragraphs 3, 4, 5, 6, 7, 8 and 14**

Plaintiff moves to strike Paragraphs 3, 4, 5, and 14 of the Ricker affidavit on the grounds that the documents referred to in these paragraphs were not properly attached or otherwise served with the affidavit pursuant to Federal Rule 56(e). Further, Plaintiff asserts that the statements in paragraphs 4, 5, 6, 7, and 8 depend on the review and reliance on documents that are the best evidence of the content of the documents. Defendant states that the Amended Affidavit of Ricker

attaches the documents that she specifically references and relied upon in preparing her affidavit. Further, she stated in her Amended Affidavit that the documents she references are true and accurate copies of documents created or received by UNUM in the usual and normal course of business, are maintained by employees of Unum Group acting on behalf of UNUM, and are business records. Thus, Plaintiff's objections based on this point are due to be denied as all documents referenced in the Amended Affidavit have been provided.

**Paragraphs 7, 9, and 13**

Plaintiff alleges that all of the statements made by Ricker in Paragraphs 7, 9, and 13 are merely conclusory and offer no facts or evidence which support the statements. Ricker's Amended Affidavit states that she made the statements based on both knowledge she received in her capacity as Manger, and through her review of Defendant's records. Corporations may offer testimony through their corporate representatives in the form of affidavit. As noted above, "either a corporate officer or a custodian of records is presumed to possess personal knowledge of a fact contained in the corporation's records." Home Assure, 2010 WL 1708777, *1. In any event, Defendant attached as Exhibit C to the Amended Affidavit the correspondence which support Ricker's statements made in Paragraphs 7, 9, and 13. Plaintiff's argument that Ricker failed to establish that the documents referenced in Paragraph 9 are business records and failed to authenticate them, is also due to be denied. She stated in her amended affidavit that the documents she references are true and accurate copies of documents created or received by UNUM in the usual and normal course of business, are maintained by employees of Unum Group acting on behalf of UNUM, and are business records.

**Paragraphs 10, 11, and 12**

Finally, Plaintiff argues that the statements in Paragraphs 10, 11, and 12 are hearsay as they are offered for the truth and are clearly made by someone other than the declarant. The Court notes that these Paragraphs describe instructions from Plaintiff's broker and were memorialized in Defendant's business records which were attached to Ricker's Amended Affidavit. Pursuant to Federal Rule of Evidence 803(6), there is a hearsay exception for records of regularly conducted activity. Under this Rule,

> a memorandum, report, record, or data compilation, in any form, or acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation

For this exception to be available, all persons involved in the process must be acting in the regular course of business. T. Harris Young & Assoc., Inc. v. Marquette Electronics, Inc., 931 F.2d 816, 828 (11th Cir. 1991). Defendant asserts that both the broker who gave the instructions and the representative of Defendant who recorded the broker's instruction in these Paragraphs were acting in the course of regularly conducted activity and these discussions were memorialized in business records attached to the Amended Affidavit. Therefore, Plaintiff's hearsay objection to these Paragraphs is not well taken.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Strike Paragraphs 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 of Mary Ricker's Affidavit (Doc. #95) is **DENIED**. Defendant is directed to file the Amended Affidavit of Mary Ricker along with the accompanying exhibits under separate docket entry as a Notice in the

CM/ECF system for the District Court's consideration in ruling upon Plaintiff's Motion for Partial Summary Judgment. Defendant must also provide a courtesy copy to Chambers.

**DONE AND ORDERED** at Fort Myers, Florida, this 24th day of September, 2010.

Sheri Polster Chappell
**SHERI POLSTER CHAPPELL**
**UNITED STATES MAGISTRATE JUDGE**

Copies: All Parties of Record