UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENISE B. D'APRILE,

          Plaintiff,

-vs-                                          Case No. 2:09-cv-270-FtM-36SPC

UNUM LIFE INSURANCE COMPANY OF
AMERICA,

          Defendant.
_____

## ORDER

This matter comes before the Court on Plaintiff's Motion to Compel Deposition Testimony or, in the Alternative, to Strike Witnesses from Defendant's Rule 26(a)(1) Initial Disclosures (Doc. #94) filed on August 17, 2010. Defendant Unum filed its Response (Doc. #111) on September 3, 2010. The Motion is now ripe for review.

Plaintiff moves to compel the deposition testimony of Suzanne Campbell-Lambert, Pamela Fox, Lawrence Iannetti, John Szlyk, Noemi Jordan, and Sara McKinnon or, in the alternative, to strike these witnesses from Defendant Unum's Rule 26(a)(1) initial disclosures. Defendant served its Rule 26(a)(1) Initial Disclosures on October 28, 2009. The disclosures identified the witnesses at issue in this Motion as "[i]ndividuals likely to have discoverable information that Defendant may use to support its claims or defenses[.]" Plaintiff subsequently served deposition notices for these six witnesses on July 22, 2010.

On August 25, 2010, this Court entered an Order finding that "broad discovery in this case may not be conducted on the issue of improper claims handling at this point. Discovery may be

taken though on claims handling materials as they relate to *Plaintiff's claim*." (Doc. #98 p. 5). In light of this, Defendant has refused to produce these witnesses for deposition because Plaintiff may use the deposition of the individually subpoenaed employees to circumvent the Court's Order limiting the claims handling discovery. Unum also objects the depositions because they would be duplicative to the deposition of Defendant's corporate representative.

Plaintiff asserts that each of these witnesses was involved in the pre-litigation claim handling for disability benefits that is the subject of this litigation and each had direct involvement in processing *the claim at issue in this case*. As the Court held in its August 25, 2010 Order, discovery may be taken on claims handling as it relates to Plaintiff's claim. Therefore, the Court will allow these depositions to go forward, but Plaintiff may only ask questions of these witnesses regarding claims handling of *Plaintiff's claim*, and may not ask questions as to Defendant's broad claims practices and policies as they relate to claimants other than Plaintiff.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Compel Deposition Testimony or, in the Alternative, to Strike Witnesses from Defendant's Rule 26(a)(1) Initial Disclosures (Doc. #94) is **GRANTED in part**. The depositions of these witnesses may go forward in accordance with this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   23rd   day of September, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record